**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **ILLINOIS UNION INSURANCE COMPANY,**<br><br>　　**Plaintiff,**<br><br>v.<br><br>**FRIENDS OF GREELEYVILLE, INC., f/k/a SONS OF GREELYVILLE, INC. d/b/a MISS VICTORIA'S RIVER ROAD SALOON and HERMAN J. PRICE,**<br><br>　　**Defendants.** | Civil Action File No.: 2:20-cv-4468-BHH<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |

　　COMES NOW Plaintiff ILLINOIS UNION INSURANCE COMPANY ("Chubb") and files this Complaint for Declaratory Relief against FRIENDS OF GREELEYVILLE, INC., f/k/a SONS OF GREELYVILLE, INC., d/b/a MISS VICTORIA'S RIVER ROAD SALOON ("FGI"), and HERMAN J. PRICE ("Price") pursuant to Fed. R. Civ. P. 57, to determine the rights and obligations of the parties, alleging and showing as follows:

**NATURE OF THIS ACTION**

　　1.　FGI allegedly operates a bar that served alcohol to a patron who stabbed Herman J. Price. Pursuant to 28 U.S.C. § 2201, Chubb seeks a declaration that it does not owe coverage to FGI for an underlying liability action by Price against FGI because at the time of the altercation FGI did not have a liquor license and did not possess commercial general liability insurance coverage, both of which are prerequisites to coverage under the Commercial Liquor Liability Policy.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper in this district because "a substantial part of the events … giving rise to the claim occurred" in this district. *See* 28 U.S.C. § 1391(b)(2). More specifically, the insurance policy that is at issue in this action was issued and delivered in this district, and the underlying action by Price against FGI is pending in this district.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. There is complete diversity of citizenship between the parties.

6. Chubb is a corporation formed in Illinois with its principal place of business in Pennsylvania. For this action, Chubb is a surplus lines insurance company that issued a Commercial Liquor Liability Policy to Sons of Greelyville, Inc./Miss Victoria. As noted, Sons of Greelyville, Inc. is encompassed by the reference herein to FGI.

7. Upon information and belief, FGI is a nonprofit corporation formed and domiciled in South Carolina. FGI was sued in an underlying action by Price.

8. Price is a resident of South Carolina who sued FGI in an underlying action.

## THE UNDERLYING ACTION

9. On July 10, 2019, Price filed suit against FGI in the Court of Common Pleas, Third Judicial Circuit, in Clarendon County, South Carolina, in an action bearing Case No. 2019CP1400345 (the "Underlying Action"). (A copy of what is believed to be the operative complaint in the Underlying Action is attached as Exhibit "A.").

10. In the Underlying Action, Price alleges FGI operates a bar located at 6464 Kenwood Road in Clarendon County, South Carolina that sells alcoholic beverages.

11. On January 27, 2019, Price was a patron at FGI's bar.

12. Other patrons were also at the bar.

13. Price got into a fight with one or more of the other patrons and was stabbed.

14. In the Underlying Action, Price alleges negligence and dram shop liability against FGI for the injuries he suffered from the fight.

15. At the time of the incident on January 27, 2019, FGI needed a license from the South Carolina Department of Revenue, Alcohol Beverage Licensing to sell alcoholic beverages to patrons.

16. At the time of the incident on January 27, 2019, FGI did not have a license to sell alcoholic beverages to patrons.

## THE POLICY

17. Chubb issued a Commercial Liquor Liability Policy to "Sons of Greelyville, Inc., Miss Victoria" as Named Insured, bearing Policy Number LQRSCF137657164, and effective from February 20, 2018 to February 20, 2019 (the "Policy"). (*See* Policy, attached as Exhibit "B.") Subject to its full terms, conditions and exclusions, the Policy insured FGI for liability imposed on FGI by reason of the selling, serving or furnishing of any alcoholic beverage.

18. The Policy contains this exclusion:

This insurance does not apply to: …

**d.    Liquor License Not In Effect**

> "Injury" arising out of any alcoholic beverage sold, served or furnished while any required license is not in effect.

(*Id.*, Form CG 00 33 12 07, Pg. 5.)

19. The Policy also contains this warranty exclusion, which in pertinent part provides:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**This endorsement modifies insurance provided under the following:**

**LIQUOR LIABILITY COVERAGE FORM**

The following exclusion is added to the policy:

This insurance does not apply to "injury", loss, cost, expense, liability or legal obligation arising out of, related to, or attributable to arising or resulting from a claim or "suit" against any insured for "injury" based on the selling, serving or furnishing of any alcoholic beverage, if at any time, you have breached one or more of the warranties set forth below in this Warranty Endorsement attached to and made a part of this policy.

. . .

II. As a condition of coverage, the insured warrants and agrees that the following will be maintained during the term of this policy and any renewals thereof:

   1. A Commercial General Liability Insurance Policy with limits of insurance equal to or greater than the Liquor Liability limits of this policy.

   2. A valid, active liquor license, if required by ordinance or law, prior to the insured selling, serving or distributing alcohol. …

(the "Warranty Endorsement") (*Id.*, Form LD-43785, Pg. 33.)

20. FGI had a duty to read its policy.

21. FGI was provided with a complete copy of its insurance policy with Chubb, including the provisions quoted above.

22. Chubb has incurred attorney's fees and costs to defend FGI in the Underlying Action, under a complete reservation of rights, which FGI has accepted.

## COUNT I – EXCLUSION D.
### (Liquor License Not In Effect)

23.     Chubb incorporates Paragraph 1 – 22.

24.     Under Exclusion d., there is no coverage under the Policy for any injury "arising out of any alcoholic beverage sold, served or furnished while any required license is not in effect."

25.     At the time of the incident in the Underlying Action on January 27, 2019, FGI needed a license from the South Carolina Department of Revenue, Alcohol Beverage Licensing to sell or furnish alcoholic beverages to patrons.

26.     At the time of the incident in the Underlying Action on January 27, 2019, FGI did not have a license to sell or furnish alcoholic beverages to patrons.

27.     Chubb has no duty to defend or indemnify FGI in the Underlying Action.

## COUNT II – WARRANTY ENDORSEMENT
### (Valid Liquor License)

28.     Chubb incorporates Paragraph 1 – 22.

29.     Under the Warranty Endorsement, FGI agreed and warranted to Chubb that it would maintain a "valid, active liquor license, if required by ordinance or law, prior to the insured selling, serving or distributing alcohol."

30.     At the time of the incident in the Underlying Action on January 27, 2019, FGI needed a license from the South Carolina Department of Revenue, Alcohol Beverage Licensing to sell or furnish alcoholic beverages to patrons.

31.     At the time of the incident in the Underlying Action on January 27, 2019, FGI did not have a license to sell or furnish alcoholic beverages to patrons.

32.     Chubb has no duty to defend or indemnify FGI in the Underlying Action.

## COUNT III – THE WARRANTY ENDORSEMENT
### (Maintain Commercial General Liability Insurance Policy)

33.     Chubb incorporates paragraph 1 – 22.

34.     Under the Warranty Endorsement, FGI agreed and warranted that it would maintain a "Commercial General Liability Insurance Policy with limits of insurance equal to or greater than the Liquor Liability limits of [the Policy]."

35.     At the time of the incident in the Underlying Action January 27, 2019, FGI did not have a Commercial General Liability Policy.

36.     Chubb has no duty to defend or indemnify FGI in the Underlying Action.

WHEREFORE, Chubb respectfully requests that this Court enter an Order:

a.     Finding the following:

  i.     There is no coverage under the Policy for the Underlying Action because Exclusion d. applies because FGI failed to maintain a valid liquor license;

  ii.    There is no coverage under the Policy for the Underlying Action because FGI violated the Warranty Endorsement by failing to maintain a valid liquor license;

  iii.   There is no coverage under the Policy for the Underlying Action because FGI violated the Warranty Endorsement by failing to maintain a commercial general liability policy;

b.     Granting a trial by jury of all material issues of fact, to the extent any should be revealed in this matter;

c.     Awarding Chubb any other relief as this Court deems equitable, just, and proper.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ John C. Bonnie*
John C. Bonnie (District Court Id. No. 9311)
SC Bar No. 62997

6

3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
404-876-2700 – telephone
jbonnie@wwhgd.com

*Counsel for Illinois Union Insurance Company*

Atlanta, Georgia
December 28, 2020